# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS.

| | |
|---|---|
| SCOTT JENKINS and JENKINS DISPLAYS, CO.    ( <br> plaintiffs,    ( <br>    ( <br> Vs.    ( <br>    ( <br> MICHAEL MCHANEY,    ( <br> KIMBERLY KOESTER,    ( <br> DOUGLAS DUGAN,    ( <br> JOHN J. FLOOD,    ( <br> STATE OF ILLINOIS,    ( <br> KATHY EMERICK FAYETTE COUNTY CIRCUIT CLERK, ( <br> SHERRI GADD,    ( <br> FAYETTE COUNTY COURT / FAYETTE COUNTY,    ( <br> DAVE CATES and CATES LAW FIRM,    ( <br> JOSEPH BLEYERS and BLEYERS LAW FIRM    ( <br> FIRST VANDALIA CORP., d/b/a    ( <br> FIRST NATIONAL BANK OF VANDALIA,    ( <br> WILLIAM ERNEST CHAPPEL ESTATE,    ( <br> THE CITY OF VANDALIA,    ( <br> JACK JOHNSTON and JOHNSTON LAW FIRM,    ( <br> defendants.    ( | **FILED** <br> JAN 09 2023 <br> CLERK, U.S. DISTRICT COURT <br> SOUTHERN DISTRICT OF ILLLINOIS <br> E. ST. LOUIS OFFICE <br><br> No. 3:22-CV-2128 |

## <u>TIME IS OF AN ESSENCE,</u>
## <u>MOTION WRIT OF STAY or INJUNCTION.</u>

**COMES NOW** Plaintiff Scott Jenkins pro se and state the following:

### Reason to support time stating time being of an essence.

     I am requesting a ruling, or what this Court feels to be appropriate, before January 23rd. On that day a Hearing is scheduled to take place which will affect this Motion and the pending Cases before this Court. This Motion is a result of my Circuit Court, a defendant in two pending Cases before this Court, scheduling a hearing after it regained jurisdiction, and this Court assumed jurisdiction involving in part my Circuit Court as a defendant in two pending Cases before this Court at this time.

1

## History regarding Stays and Injunctions of State Court Proceedings.

In 1793 Congress enacted a statute prohibiting courts of the United States from granting writs of injunction to stay proceedings in any court of a state.  However, until 1941, the US Supreme Court consistently disregarded the broad language of the 1792 statute, and created a large number of judicial exceptions.  But in 1941, the US Supreme Court, in Toucey v. New York Life Ins. Co., reversed this trend and it returned to a literal interpretation of the 1792 prohibition statute.  This decision threatened to destroy most of the judicial exceptions, and led to a congressional revision of the 1793 statute in 1948.

The statute revision provided the language, "it shall then be the duty of the state court to . . proceed no further with the cause."  If the state court, contrary to this provision, elected to proceed and the federal court could not act to stay the proceedings, the protection which Congress intended would have been destroyed.

The Supreme Court found the necessity of effecting a stay in the state court proceedings so compelling that it allowed injunctions to issue to the state courts in patent contradiction of the words within the 1793 statute, and to create a Stay when the superior court is satisfied that a fair and impartial trial will not otherwise be obtained or Record Diminution of Record exists..  The absence of a fair and impartial venue, as well as a Diminution of my CIrcuit Court Record is specifically stated within my Complaints.  The Supreme Court said the superior Court must have jurisdiction of the controversy, which this Court has never denied having in either of my pending Complaints while presiding.

The 1948 revision goes further.  It reflects a fundamental approval by Congress of stays of state proceedings by federal courts by means other than injunction, and an intention to let the federal courts themselves work out the situations in which such stays would be issued.

*(A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or <u>where necessary in aid of its jurisdiction</u>, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1964) (enacted June 25, 1948, ch. 646, 62 Stat. 968).*

## Argument.

The issues surrounding this Case have been before this Court now for several years. In fact the issues regarding the Fayette County Court Defendant and it's Record are still pending before Magistrate Judge Beatty for almost 3 years. Not in that Case, or any Case regarding my Fayette County Court as a defendant, has this Court disagreed with any of my allegations, in particular tampering with my Circuit Court Record, or in other words a diminution of the Circuit Court Record as referred to within the 1948 Statute Revision, allowing in part this Court's jurisdiction to Stay the proceedings regarding issues in this Case, currently before my Circuit Court, after it just recently was granted jurisdiction for a second time by my Appellate Court..

Further, this Court is aware I am under an unwarranted May 2020 Judge Mchaney Court ruling, prohibiting me from litigating in my Circuit Court. This constitutes a violation of my Due Process Rights by a State employed official, something that falls only under the Jurisdiction of this Court, also required, but stated as a need for the 1948 Statute revision by Congress allowing Federal Courts to stay State Court proceedings.

In October 2019 I requested my Circuit Court to "stay" my Circuit Case while issues regarding my Circuit Case were before the Bankruptcy division of this Court. My Circuit Court granted my request. My Circuit Court may agree to do so this time, and this time conflict and bias reasons since my Circuit Court is a named defendant. My Circuit Court may agree to Stay proceedings like it did in 2019. But unlike in 2019, I'm prohibited from filling such a request due to Judge Mchaney's May 2020 Ruling which is still in force. I can't request my Circuit Court to stay proceedings like I was allowed to do in October 2019, and my Appellate Court ruled my Circuit Court Case to have never been closed.

Just a few days ago the defendants within my Circuit Case scheduled a Hearing to proceed with my Case at the Circuit level. Unlike October 2019, due to a May 2020 Order by Judge Mchaney, a named defendant in this Case and contained within this Case as an exhibit, which states if I litigate

3

within my Circuit Court regarding anything, I am to be held in Contempt and any filing be deleted which would include a request for a Stay from my Circuit Clerk like I did in October 2019 after filing with this Court.

It would also constitute Conflict and Bias by my Circuit Court to litigate anything after receiving jurisdiction in December 2022 as a named defendant in this September 2022 filed Case after it had lost jurisdiction in August from my Circuit Court closing my Circuit Case in July 2022 based upon this Court's Judge Yandle's ruling.

**My Circuit Court had no Jurisdiction when this Court assumed Jurisdiction.**

This Court needs to be aware it would not be violating any Statute regarding trespassing upon a State Court Case regardless, since when I filed both the pending Cases before this Court my Circuit Court Case was closed and had no jurisdiction in its relevant Circuit Case, This Court can't be accused of trespassing or interfering with my Circuit Court if my Circuit Court had no Case when this Court assumed Jurisdiction in both instances.

Jurisdiction was restored in my Circuit Court regarding this Case by my Appellate Court in May 2022, after I filed my Case before Magistrate Judge Beatty still pending in 2021, and before my Appellate Court ruled in April 2022 named Defendant Judge Mchaney erred, ruled my Circuit Case was still open, transferring jurisdiction back to my Circuit Court in May 2022, after this Court had assumed jurisdiction and assigned it to Judge Beatty.

Jurisdiction was restored in my Circuit Court by my Appellate Court in December 2022, after I filed this Case in September 2022, when my Appellate Court ruled in November 2022 that the named defendant Circuit Clerk and Circuit Court improperly Closed by my Circuit Case in July 2022, after this Court had assumed Jurisdiction, and assigned it to Judge Dugan.

At no time did I file any Case currently pending before this Court while my Circuit Court Defendant had any Case or Jurisdiction regarding this Controversy. This Court assumed jurisdiction

in both pending Cases before it now, before my Circuit Court had any jurisdiction regarding my Circuit Case, for which either Case was derived from.

If my Circuit Court chooses to proceed on January 23rd, it will be doing so by assuming Jurisdiction in my Case after this Court had already assumed Jurisdiction over the same controversary.  Therefore it would be my Circuit Court trespassing on this Court as an inferior Court absent the authority to do so, and not this Court trespassing on my Circuit Court as a Superior Court with the Authority to do so as stated within the 1948 Congressional Revision of the 1793 Statute.

Even though this Court assumed its jurisdiction in this Controversy while no CIrcuit Court Case was pending, open, or ongoing regarding this controversy, as a Superior Court, absent any ruling of no jurisdiction existing regarding both pending Cases before it, this Court has therefore assumed jurisdiction regarding both pending Cases and has met that requirement needed to have the authority to issue a Stay on my Circuit Court Case as defined within the 1793 Statute revision by US Congress in 1948.

## Remedy Requested.

While it is unknown at this time if my Circuit Court will try to assume Jurisdiction after this Court has, I am requesting a "Stay or Injunction" prohibiting it from doing so, or at least to put my Circuit Court on Notice that this Court has two pending Cases involving my Circuit Court as a defendant and it would be improper for it to litigate at the same time defending itself.  Especially since my Circuit Court is currently represented by Counsel and I'm not allowed to discuss any issues involving the pending Cases.

My Circuit Court can't assume jurisdiction now to make rulings in my Circuit Case as a defendant that was named when it had no jurisdiction to do so, since it would constitute conflict and possible assumed bias accusations.

Since I am pro se I request this Court to amend and correct any missteps I may have made in this pleading.  My purpose is to litigate my issues before this Court, not before my Circuit Court where

I have provided factual evidence to this Court to prove I have not been afforded my due process Right to a fair fair venue, in part by the lack of an accurate and transparent Case Record. Access to an accurate and complete Record of all entries is a fundamental afforded Due Process Right of any litigant, and the factual evidence before this Court also shows the Defendant Court, and its appropriate Officers, failed to take any action when made aware. It would be unfair now for my Circuit Court to resume the Right to rule on any matters after providing indisputable evidence by way of the Record itself that it failed to maintain or correct properly as required by law.

My Circuit Court may, and it should, recuse itself from hearing or making any rulings due to it's failure to provide an accurate and transparent Record as well as it being a named Defendant before obtaining jurisdiction from my Appellate Court. Since I'm prohibited from making such a request to my Circuit Court, and it would be improper for my Circuit Court to hear, consider, or rule, I request and this Court has the authority to issue a Stay, Injunction, or appropriate remedy, which I bring before this honorable Court by way of this pleading.

Respectfully Submitted,

_____
Scott Jenkins pro se.

I certify that I will deliver a true and correct copy of this pleading once accepted by this Court to all named defendants or their designated agents by email, mail, or in person.

1910 Hollow Dr.
Vandalia, Il 62471

ScottlJenkins69@gmail.com

6