IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT JENKINS, </br></br> Plaintiff, </br></br> vs. </br></br> MICHAEL MCHANEY, KIMBERLY KOESTER, JOHN J. FLOOD, STATE OF ILLINOIS, KATHY EMERICK, SHERRI GADD, FAYETTE COUNTY COURT, DAVE CATES, CATES LAW FIRM, JOSEPH BLEYERS, BLEYERS LAW FIRM, FIRST VANDALIA CORP., WILLIAM ERNEST CHAPPEL ESTATE, CITY OF VANDALIA IL, JACK JOHNSTON, JOHNSTON LAW FIRM, and DOUGLAS JARMAN, </br></br> Defendants. | Case No. 22-cv-2128-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on *pro se* Plaintiff Scott Jenkins' "Motion not to Close or Reopen Case, Motion to Reconsider fee waiver, in the Alternative, Motion for Time to Raise Funds to Pay Fees" ("Motion to Reconsider") (Doc. 21). For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

Plaintiff Scott Jenkins filed this *pro se* action against multiple defendants alleging he was tricked into deeding his multimillion-dollar entertainment facility known as "Twisters" to the First Vandalia Corporation. On May 9, 2023, the Court denied Jenkins'

Motion for Leave to Proceed *in Forma Pauperis* ("IFP"). Jenkins' IFP motion was denied because the Court found that he was not indigent and because his Complaint did not survive screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As to the latter, the Court declined to exercise jurisdiction over Jenkins' claims in accordance with the Anti-Injunction Act, the *Younger* abstention doctrine, and/or general principles of federalism and comity. Judgment, dismissing the action without prejudice, was entered on May 10, 2023. On June 12, 2023 (33 days after entry of judgment) the Clerk of Court received and filed Jenkins' Motion to Reconsider.

## II. RELEVANT AUTHORITY

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is

the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

### III.   DISCUSSION

A Rule 59(e) motion must be filed ***no later*** than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Jenkins' Motion was filed outside of the 28-day deadline and therefore, it cannot be considered under Rule 59(e). Plaintiff contends that, because he is a *pro se* litigant and does not receive electronic notification of filings, his motion is timely. (Doc. 21, p. 3) ("[T]his Motion is within the 28-day time frame and I suffer approx. a 1 week delay due to mail service since I am not electronically notified."). This, however, is not consistent with the Federal Rules of Civil Procedure. The general rule in federal court is that the date on which the clerk receives the pleading, not the date on which the pleading was mailed, is the date on which the pleading is filed." *Purchase v. Colvin*, No. 15-CV-1075-JPG-CJP, 2016 WL 6963301, at *2 (S.D. Ill. Nov. 29, 2016) (citing *Raymond v.*

3

*Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006)). While *pro se* prisoners are entitled to a "mailbox rule" that renders their documents filed "at the moment the prisoner places it in the prison mail system," that rule "does not extend to *pro se* litigants like plaintiff, who are not incarcerated." *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015); *Purchase*, 2016 WL 6963301, at *2. Thus, the Court will consider whether Plaintiff is entitled to relief under Rule 60.

In his Motion to Reconsider, Jenkins claims he has additional information that will demonstrate this Court wrongly concluded that he is not indigent. Specifically, Jenkins contends that the Court was clearly unaware that he has been granted *pauper* status in other litigation he has filed in the Southern District of Illinois and in the Seventh Circuit. Mr. Jenkins suggests that the Court's "mistake" warrants reconsideration. The Court disagrees. Whether Mr. Jenkins has been found indigent in other proceedings is not relevant. The Court based its decision on the financial information Jenkins provided in the instant case:

> Plaintiff avers that he is unemployed and that he receives a total of $999.00 a month from Social Security (Doc. 6). He further indicates that he has a total of $1,000.00 in a savings account and that he owns a '99 Buick Lesabre. *Id*. Jenkins states that he has no monthly bills, no mortgage, no dependents, and does not list any other debts or financial obligations. The Court finds that Plaintiff is not indigent and will deny Plaintiff's motion for leave to proceed in forma pauperis.

(Doc. 19). Plaintiff does not claim that the above information is incorrect. Accordingly, the Court finds no mistake in its finding as to Plaintiff's alleged indigence.

Alternatively, Plaintiff asks the Court to allow him additional time to pay the requisite filing fee. The Court will deny this request as futile. The Court dismissed

Plaintiff's Complaint in its entirety and closed the case in accordance with the Anti-Injunction Act, the *Younger* abstention doctrine, and/or general principles of federalism and comity. Paying the filing fee would not alter this result.

In his Motion to Reconsider, Plaintiff also states that he will be filing "within a few days" an additional motion detailing why the Court's "jurisdictional ruling," dismissing his Complaint was wrongly decided. No additional pleadings have been filed, and the Court finds no basis for reconsidering its ruling on the merits.

Finally, Plaintiff filed his Motion to Reconsider under seal, stating that it contains confidential information regarding his financial status. Plaintiff claims that (1) his financial situation should be kept confidential to avoid harming his settlement strategy and (2) courts afford litigants privacy regarding financial matters. The Court is not aware of any authority supporting Plaintiff's contention and the Court finds no information in the pleading that warrants sealing under Seventh Circuit authority. *See Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002) (in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence, shall be maintained under seal). Accordingly, the Court **DIRECTS** the Clerk of Court to unseal the Motion to Reconsider.

### IV.     Conclusion

Plaintiff Scott Jenkins' "Motion not to Close or Reopen Case, Motion to Reconsider fee waiver, in the Alternative, Motion for Time to Raise Funds to Pay Fees" (Doc. 21) is

**DENIED**. Further, the Clerk of Court is **DIRECTED** to unseal the Motion (Doc. 21).

    **SO ORDERED.**

    Dated: December 29, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
